PER CURIAM.
It appears from the papers returned on. this certiorari that Hodgson sued Bolton and demanded of him /’&. The defendant on the return of the summons, craved a jury, alleging that he believed Hodgson was indebted to him in a larger amount than £6. Hodgson at the trial, produced a book, and proved by a witness a settlement in June 1789, and a balance in his favour at that time of _£l-15-9. That the parties continued their dealings together until the February following, when there appeared on the book a balance in favour of Hodgson of ,£3-4-3. including the balance due on the former settlement.
Bolton in bis defence offered the account so settled in 1789. A copy of which was proved to have been delivered to him, and alleged a mistake therein of -£10. which the justice told him might be rectified by the book. On an inspection of the account thus produced Hodgson alleged that it had been altered by placing the figure 1 before the figure 8, and thus making a credit of ^13-13-5|, which figure thus added appeared neither to have been made by the same person, nor with the same ink as the other part of the account delivered *230 to Bolton. Bolton however denied that the alteration had. been made by him.
It appeared however that the account had been in his possession for more than two years, and no objection had ever before been made. Bolton however insisted upon going into all the accounts, to which Hodgson objected, and proved that various articles had been then settled which he had not carried into, his books relying on the settlement.
‘ The justice told the jury that circumstanced as the case was, he thought it would be improper to go into an examination of the accounts previous to the settlement in June 1789, and the jury found in favour of the plaintiff.
Per Curiam.
The court have considered this subject and are of opinion, that though the settlement of an account is not final, or to make use of the legal term, does not merge the account but only obliges the party alleging the mistake to prove it: — yet under the circumstances of the present case, the direction of the justice was legal and rational; and if erroneous the jury had a perfect right to disregard his opinion.
Judgment affirmed.